IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RILEY, )<br> Petitioner )<br> )<br> vs ) C.A. No. 09-138 Erie<br> )<br>WARDEN FRANCISCO J. ) Magistrate Judge Baxter<br>QUINTANA, et al., )<br> Respondents. ) | |

**OPINION AND ORDER**

United States Magistrate Judge Susan Paradise Baxter

**I. INTRODUCTION**

 On June 11, 2009, Petitioner Ali Riley, a federal prisoner incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges disciplinary action that was taken by the Federal Bureau of Prisons ("BOP") in connection with Incident Report No. 1731145.  In particular, Petitioner claims that his due process rights were violated because the Unit Disciplinary Committee did not refer the incident to a Discipline Hearing Officer for a hearing. (See Petition at p. 5).  As relief, Petitioner seeks to have the incident report expunged. (Id.).

 On October 20, 2009, Respondents filed a Notice of Suggestion of Mootness [Document # 12], indicating that Incident Report Number 1731145 was, in fact, expunged on September 17, 2009, and, thus, Petitioner's habeas petition should be dismissed as moot. (See Declaration of Vanessa Herbin-Smith attached as Exhibit 1 to Document # 14, at ¶ 2b, and Document 1b attached thereto).  Petitioner filed a letter response to Respondents' Notice conceding that his Petition is now moot, yet asking for the following additional relief:

 1. For the BOP to adjust his custody classification score to a score
 that would not reflect the Incident Report at issue;

    2.      For the U.S. Attorney's Office or the BOP to ask his current Unit Team to re-score his custody level and eliminate any points attributable to the Incident Report at issue; and

    3.      For a copy of Vanessa Herbin-Smith's Declaration, attached to the Notice of Suggestion of Mootness, to be placed in his Central File.

[Document # 13].

In reply to Petitioner's response, Respondents' have submitted another Declaration of Vanessa Herbin-Smith, in which she certifies that Petitioner has failed to exhaust his administrative remedies with regard to any of the additional items of relief requested in his response. (Document # 14, Document 2 at ¶¶ 6-8). It is well-settled that a federal prisoner must exhaust his administrative remedies with regard to any issues concerning conditions of confinement before petitioning for a writ of habeas corpus pursuant to § 2241. See, e.g., Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Since Petitioner has failed to exhaust any of his additional claims for relief, they are not properly before this Court and will not be considered.

## II.     DISCUSSION

### A.     Mootness Doctrine

The mootness doctrine derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp. 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477.

Since Petitioner has conceded that the relief he requests in his Petition has been granted by the BOP, no case or controversy exists and the Petition must be dismissed as moot.

### B. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because Petitioner's claim is moot, a certificate of appealability is not warranted.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI RILEY,              )<br>          Petitioner     )<br>                             )<br>   vs                       )<br>                             )<br>WARDEN FRANCISCO J.  )<br>QUINTANA, et al.,       )<br>          Respondents.  ) | C.A. No. 09-138 Erie<br><br>Magistrate Judge Baxter |

## **ORDER**

AND NOW, this 21st day of April, 2010,

IT IS HEREBY ORDERED that the instant Petition for Writ of *Habeas Corpus* is DISMISSED AS MOOT, and a Certificate of Appealability is DENIED.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge